IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 07-10022-04-WEB |
| | ) | 10-1059 |
| CHARLES LALIBERTE, | ) | |
| | ) | |
| Defendant. | ) | |

MEMORANDUM AND ORDER

Before the court is a Motion to Vacate pursuant to 28 U.S.C. § 2255 (Doc. 184) filed by the Defendant, Charles Laliberte.

I. Background

Charles Laliberte entered a guilty plea to Count 1 of the Second Superseding Indictment. Count one charged that Charles Laliberte and others possessed with the intent to distribute controlled substances, in violation of 21 U.S.C. § 841(a) and (b). The Defendant's plea was pursuant to a conditional plea agreement under Rule 11(a)(2). The Defendant reserved the right to appeal the decision of the court's ruling on his Motion to Suppress. The Defendant was sentenced to 87 months imprisonment, and three years supervised release.

The Defendant appealed the court's ruling on the Motion to Suppress. The Tenth Circuit affirmed the district court's denial of the motion to suppress. The Defendant then filed a writ of certiorari with the Untied States Supreme Court. The writ of certiorari was denied.

II. Defendant's Motion

The Defendant raises a number of issues in his Motion to Vacate. First, the Defendant argues his counsel was ineffective. Specifically, the Defendant argues that his counsel was

1

ineffective in allowing him to enter a guilty plea because the search warrant was devoid of substantive facts. The Defendant argues his attorney should have filed an interlocutory appeal instead of allowing him to enter a conditional plea. Second, the Defendant argues civil rights violations based on false statements in the affidavit. Third, the Defendant argues civil rights violation based on conspiracy between law enforcement in Minneapolis, Minnesota and Wichita, Kansas.

III. Discussion

a. Ineffective Assistance of Counsel

The Defendant argues that his counsel was ineffective when he failed to obtain an interlocutory order of the district court, which impeded his right to a fair trial. The Defendant argues that the choice not to pursue an interlocutory appeal after the district court denied his motion to suppress constitutes ineffective assistance of counsel. In support of this argument, the Defendant argues the merits of the motion to suppress. The Defendant argues that there is no plausible strategic reason for counsel not to file an interlocutory appeal. Because of counsel's decision, he was prejudiced. Defendant argues that he has a constitutional right to present a defense, and his counsel was ineffective in that he allowed illegally seized evidence to become part of the trial, and that he was not allowed to present evidence in support of his not guilty plea. He contends that the ineffective assistance of counsel renders his plea invalid.

The Defendant also argues that his plea agreement and his collateral review waiver cannot operate to bar review of the substantive issues. In support of this argument, the Defendant argues that his motion to suppress evidence presented a substantive argument of a controlling question of law.

Finally, the Defendant argues that the sentence imposed by the district court is unreasonable. The Defendant argues that his age and his criminal history at the time of sentencing should have been a mitigating factor. The Defendant argues that his counsel did not argue the factors under § 3553 to try to obtain a departure for the Defendant.

The court must first determine if the Defendant's plea agreement and waiver prevents the court from reviewing the Defendant's claims. Paragraph 11 of the Defendant's Plea Agreement contained the following language:

> <u>Waiver of Appeal and Collateral Attack</u>. Defendant knowingly and voluntarily waives any right to appeal or collaterally attack any matter in connection with this prosecution, the defendant's conviction, or the components of the sentence to be imposed herein (including the length and conditions of supervised release, as well as any sentence imposed upon a revocation of supervised release), except as stated in ¶ 5 in which he can appeal the order of the Motion to Suppress. The defendant is aware that Title 18, U.S.C. § 3742 affords a defendant the right to appeal the conviction and sentence imposed. By entering into this agreement, the defendant knowingly waives any right to appal a sentence imposed which is within the guideline range determined appropriate by the court. The defendant also waives any right to challenge a sentence or otherwise attempt to modify or change his sentence or manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under Title 28, U.S.C. § 2255 [except as limited by <u>United States v. Cockerham,</u> 237 F.3d 1179, 1187 (10th Cir. 2001)], a motion brought under Title 18, U.S.C. § 3582(c)(2) and a motion brought under Fed. Rule of Civ. Pro 60(b). In other words, the defendant waives the right to appeal the sentence imposed in this case except to the extent, if any, the court departs upwards from the applicable sentencing guideline range determined by the court. However, if the Untied States exercises its right to appeal the sentence imposed as authorized by Title 18, U.S.C. § 3742(b), the defendant is released from this waiver and may appeal the sentence received as authorized by Title 18, U.S.C. § 3742(a).

Defendant argues this waiver does not bar the court from reviewing the substantive issues raised in his motion. "A waiver of collateral attack rights brought under § 2255 is generally enforceable where the waiver is expressly stated in the plea agreement and where both the plea

and the waiver were knowingly and voluntarily made." United States v. Cockerham, 237 F.3d 1179, 1183 (10th Cir. 2001). Exceptions include "where the agreement was involuntary or unknowing, where the court relied on an impermissible factor such as race, or where the agreement is otherwise unlawful." Id. at 1182-83.

The Tenth Circuit has created a 3-prong standard to resolve appeals brought by defendants who have waived their appellant rights in the plea agreement. The Court must determine: "(1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights, and (3) whether enforcing the waiver would result in a miscarriage of justice." United States v. Hahn, 359 F.3d 1315, 1325 (10th Cir. 2004).

a. Scope.

The Court will strictly construe appeal waivers and any ambiguities in these agreements will be read against the Government and in favor of a defendant's appellate rights. Hahn at 1325 (quoting United States v. Andis, 333 F.3d 886, 890 (8th Cir. 2003)). Defendant's plea agreement specifically includes a statement waiving the right to attack the sentence through collateral review on a § 2255 motion except to the extent that the court departs upwards from the applicable sentencing guideline range determined by the Court. The court did not depart upward; the instant motion is therefore within the scope of the waiver. The waiver further stated that defendant was waiving the right to collaterally attack any matter in connection with this prosecution or conviction. Insofar as defendant's § 2255 motion attempts to challenge his conviction, that is also within the scope of the waiver.

b. Knowing and Voluntariness of Petitioner's Waiver.

The defendant must enter his plea knowingly and voluntarily for the waiver to be accepted. The court first examines whether the language of the plea agreement states that the defendant entered the agreement knowingly and voluntarily. Hahn, 359 F.3d at 1325, citing United States v. Elliott, 264 F.3d 1171, 1174 (10th Cir. 2001). Second, the Court must have conducted an adequate Rule 11 plea colloquy. Hahn at 1325, citing Andis, 333 F.3d at 891. The petitioner bears the burden to show that he did not knowingly and voluntarily enter into the plea agreement. Hahn, 359 F.3d at 1329; United States v. Edgar, 348 F.3d 867, 872-73 (10th Cir. 2003).

The record clearly shows the Defendant entered into the plea agreement fully aware of the rights he was waiving, the consequences of the plea, and the possible sentence. The court questioned him at the change of plea hearing to determine if he understood the charge against him, the arguments he was waiving, and if he was entering his plea freely and voluntarily. The Defendant's responses, given to the court under oath, show that he understood all of the these things. During the plea colloquy the court specifically asked him whether he understood that by pleading guilty he was waiving all of the arguments he previously made in pretrial motions, or that he could have made, and cautioned him, with the exception of the right to file a direct appeal on the court's ruling on the motion to suppress, that he would not be able to raise these arguments at a later time to challenge his conviction. The Defendant represented to the court under oath that he understood. His motion contains nothing to suggest that he did not in fact understand what he was giving up by pleading guilty.

The defendant's plea agreement stated that he knowingly and voluntarily waives his

rights to appeal or collaterally attack any matter in connection with the prosecution, conviction, and sentence, with the exception previously explained. The fact that the agreement included this waiver was reviewed with him at the Rule 11 hearing. The language of the agreement states "the defendant acknowledges that he has read the plea agreement, understands it and agrees it is true and accurate and not the result of any threats, duress or coercion." The last sentence of the plea agreement states "The defendant acknowledges that the defendant is entering into this agreement and is pleading guilty because the defendant is guilty and is doing so freely and voluntarily."

The defendant read and signed the petition to plead guilty, read and signed the plea agreement, and discussed with the court the effects of the plea agreement. The defendant's plea was knowing and voluntary, and the waiver was knowing and voluntary.

    c. Miscarriage of Justice

Enforcement of an appellate waiver does not result in a miscarriage of justice unless enforcement would result in one of four situations. Appellate waivers are subject to certain exceptions; (1) where the district court relied on an impermissible factor such as race, (2) where ineffective assistance of counsel in connection with the negotiation of the waiver renders the waiver invalid, (3) where the sentence exceeds the statutory maximum, or (4) where the waiver is otherwise unlawful. Hahn, 359 F.3d at 1327. To satisfy the fourth factor, the error must seriously affect the fairness, integrity or public reputation of judicial proceedings. Id.

The Defendant has does not argue that any of the four exceptions apply. He does not argue that his waiver is invalid due to ineffective assistance of counsel in the negotiation of the waiver. Instead, he argues his counsel was ineffective when he did not file an interlocutory appeal of the court's decision regarding the motion to suppress. It is important to note that

following his plea of guilty, the Defendant appealed the court's ruling on the motion to suppress, and the Tenth Circuit affirmed the decision. The Defendant has not shown how he was prejudiced by his counsel making a strategic decision to enter a conditional plea instead of filing an interlocutory appeal. The Defendant has not presented any evidence to show that any of the four situations discussed in Hahn apply. The issues the Defendant raises are barred by the waiver in his plea agreement.

The Defendant states that the arguments he raises regarding the motion to suppress present a substantive argument of a controlling question of law, and are not waived. The Defendant filed a direct appeal of the court's ruling on the motion to suppress. The Court of Appeals found the district court did not err in denying the motion to suppress. U.S. v. Laliberte, 308 Fed.Appx. 295 (2009). The Defendant may not raise issues previously considered and disposed of on direct appeal in a section 2255 motion. U.S. V. Nolan, 571 F.2d 528, 530 (10th Cir. 1978). However, if there is an intervening change in the law, a motion under section 2255 may be proper. Id. The Defendant has not argued that there is a change in the law that would allow the court to consider his arguments raised regarding the motion to suppress. The court will not consider the Defendant's arguments concerning the admission of evidence as a result of the court's denial of the motion to suppress.

The Defendant also argues the sentence imposed by the district court is unreasonable. The Defendant argues that his age and his criminal history at the time of sentencing should have been a mitigating factor, and the court should take the factors under 18 U.S.C. § 3553 into consideration in determining his sentence. The Defendant waived this argument in his plea agreement. The Defendant also agreed to a sentence within the guidelines.

7

The plea agreement contains the following language in paragraph 3:

> The parties request that the United States Sentencing Guidelines (Guidelines) be applied by the Court to calculate the applicable sentence in this case and that a sentence consistent with the Guidelines to imposed by the Court. The defendant further waives any right to have facts that determine the offense level under the Guidelines alleged in an indictment and found by a jury beyond a reasonable doubt; agrees that facts that determine the offense level will be found by the Court at sentencing by a preponderance of the evidence and agrees that the Court may consider any reliable evidence, including hearsay; and the defendant agrees to waive all constitutional challenges to the validity of the Guidelines. The parties further agree to request a sentence within the guideline range determined to be appropriate by the U.S. Probation Department. In other words, the United States will not request a sentence in excess of the high end of the guideline range and the defendant will not request a sentence below the low end of the guideline range. The parties understand this agreement binds the parties only and does not bind the Court.

The Defendant's sentencing range was 87 - 107 months. The court's sentence of 87 months was within the guideline range. Pursuant to the plea agreement, the Defendant requested a sentence within the guideline range, and the Defendant agreed that he would not request a sentence below the low end of the guideline range. Furthermore, the Defendant fails to recognize that the court did consider the factors set out in 18 U.S.C. § 3553 when imposing sentence. The Defendant has waived the right to collaterally attack his sentence in the plea agreement.

b. Civil Rights Claims pursuant to 18 U.S.C. § 242 and § 241

The Defendant argues the officers's affidavit submitted in support of the application for search warrant contained no basis to show that probable cause existed, and as a result, petitioner's civil rights were infringed. He also argues that the alleged illegal arrest deprived him of the protections of the Fourth and Fourteen Amendment. The Defendant also argues that he was denied his right to a speedy trial by the Government's pretrial delay between the time he filed the motion to suppress and the date of the hearing.

8

18 U.S.C. § 242 addresses the deprivation of rights under the color of law, and 18 U.S.C. § 241 addresses conspiracy of rights. The defendant has not cited to any evidence or case law to support his claim of constitutional civil rights violations. Instead, the Defendant relies on Illinois v. Gates, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983); Weeks v. United States, 232 U.S. 383, 34 S.Ct. 341, 58 L.Ed. 652 (1914) overruled by Mapp v. Ohio, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081 (1961); United States v. Leon, 4685 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984); , and Aguilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964). Citation to these cases shows the Defendant is attempting to mask his relitigation of his motion to suppress under the classification of civil rights violations. As discussed above, the Defendant cannot relitigate issues disposed of on direct appeal in a section 2255 motion. Nolan, 571 F.2d at 530. The Defendant has failed to cite to any supporting evidence relating to his constitutional civil rights claims.

Finally, the record shows that On June 21, 2007, the Defendant filed a Motion to Suppress. On June 27, 2007, co-Defendant Brandon Laliberte filed a Motion to Continue. The Motion states that Charles Laliberte joins in the request for a continuance. The court granted the motion to continue. On September 14, 2007, Charles Laliberte filed a Motion to Continue. The court granted his motion. The record shows that the delay of time between the filing of the Motion to Suppress and the hearing on the Motion to Suppress is a direct result of the Defendant's request for continuances, not the Government's.

IV. Conclusion

IT IS SO ORDERED FOR THE REASONS SET FORTH ABOVE that the defendant's motion for relief under the provision of 28 U.S.C. § 2255 (Doc. 184) be DENIED, and

9

IT IS FURTHER ORDERED that a Certificate of Appealability under the provisions of 28 U.S.C. § 2253 be DENIED.

IT IS SO ORDERED this 14th day of April, 2010, at Wichita Kansas.

    s/ Wesley E. Brown
Wesley E. Brown
U.S. Senior District Judge