IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,          )
                                   )
                Plaintiff,         )
                                   )
        v.                         )          Case No. 07-10022-04-WEB
                                   )
CHARLES LALIBERTE,                 )
                                   )
                Defendant.         )

MEMORANDUM AND ORDER

Charles Laliberte pleaded guilty to conspiracy to possess controlled substances with the intent to distribute, in violation of 21 U.S.C. § 846. He was sentenced to 87 months imprisonment, to be followed by three years of supervised release.

Following his conviction, Laliberte filed a direct appeal, arguing the district court erred in denying his Motion to Suppress. The Tenth Circuit affirmed the district court's ruling. Laliberte then filed a Motion to Vacate pursuant to section 2255. The district court denied the Motion to Vacate, and the Tenth Circuit affirmed. Laliberte then filed a Motion to Reconsider the court's ruling on the Motion to Vacate. The court denied the motion.

Laliberte has now filed a motion titled Motion Permitting Disclosure of Grand Jury Transcripts for Official Purposes Only. (Doc. 202). A review of the motion shows that Laliberte advances the same arguments and authorities as advocated in *all* his post-conviction filings; namely, that his Fourth Amendment rights were violated when the officers obtained and executed a search warrant at the property in Minnesota. This issue has been litigated, the court has issued numerous rulings finding Laliberte's argument to be without support, and the Tenth Circuit has affirmed the district court's findings. The court will not allow Laliberte to obtain

grand jury transcripts based on arguments that have already been litigated and denied.

Even if Laliberte presented new arguments or a novel basis for the transcripts, he has not met his burden to show that the transcripts are necessary. "The court may authorize disclosure - at a time, in a manner, and subject to any other conditions that it directs - of a grand-jury matter: at the request of a defendant who shows that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury." Fed.R.Crim.P. 6(e)(3)(E)(ii). The secrecy of grand jury proceedings in federal court is a well established policy. Procter & Gamble, 356 U.S. 677, 683, 78 S.Ct. 983, 2 L.Ed.2d 1077 (1958). Disclosure of grand jury proceedings is appropriate only where the need for disclosure outweighs the public interest in the secrecy of the proceedings. Douglas Oil Co. v. Petrol Stops Northwest, 441 U.S. 211, 223, 99 S.Ct. 1667, 60 L.Ed.2d 156 (1979).

Laliberte's request for grand jury transcripts fails to show that a reason exists for disclosure. Laliberte's statement that a ground may exist to dismiss the indictment is without merit, as he has already pleaded guilty to the indictment, and the case is closed. Furthermore, the arguments made in support of the request have been denied by this court and the Tenth Circuit, and do not set forth sufficient facts to meet the burden placed on defendants in requesting a grand jury transcript. See In re Lynde, 922 F.2d 1448, 1451-52 (10th Cir. 1991) ("[p]arties seeking grand jury transcripts under Rule 6(e) must show that the material they seek is needed to avoid a possible injustice in another judicial proceeding, that the need for disclosure is greater than the need for continued secrecy, and that their request is structured to cover only material so needed."). Laliberte has not demonstrated a particularized need for the disclosure of the grand jury transcripts. Laliberte's stated reason - dismissal of the indictment - fails to demonstrate a specific use of the testimony, or how it would be useful or relevant in obtaining

his desired result.

IT IS THEREFORE ORDERED that Laliberte's Motion Permitting Disclosure of Grand

Jury Transcripts for Official Purposes Only  (Doc. 202) be denied.

IT IS SO ORDERED this 21st day of July, 2011.

s/ Wesley E. Brown
Wesley E. Brown
Senior United States District Court Judge